# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DOROTHY DAWSON,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0384** (BOR Appeal No. 2048882)
               (Claim No. 2013009834)

**HANCOCK COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Dorothy Dawson, by James T. Carey, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Hancock County Board of Education, by Tanya L. Kaplan and Jeffrey B. Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 26, 2014, in which the Board reversed a September 27, 2013, Order of the Workers' Compensation Office of Judges, and reinstated the claims administrator's November 5, 2012, decision denying Ms. Dawson's application for workers' compensation benefits. In its Order, the Office of Judges reversed the claims administrator's decision and held the claim compensable for cervical sprain, thoracic sprain, lumbar sprain, and right shoulder sprain. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Dawson worked as a school bus driver for Hancock County Board of Education. On October 12, 2012, she felt an onset of pain in her neck, shoulders, back, hand, elbow, and hip while closing the hood of her school bus. Although she immediately noticed the pain, she finished her morning route and then reported the injury to her supervisor, Tim Reinerd. Three

1

days after the injury, she was treated by Stephen Mavissakalian, D.C., for complaints of neck pain, right shoulder pain, bilateral hand numbness and tingling, upper back pain, lower back pain, and right hip pain. At the time, she did not indicate to Dr. Mavissakalian that her symptoms were caused by a work-related injury. Dr. Mavissakalian provided her several chiropractic treatments over the next month, and he diagnosed her with a cervical sprain, a thoracic sprain, a lumbar sprain, a pelvic sprain, and shoulder sprains. On November 5, 2012, the claims administrator rejected her application for workers' compensation benefits stating that she had not suffered a compensable injury. Ms. Dawson then testified by deposition. She stated that as she was closing the hood of her bus before her morning route she felt a pull in her neck, shoulder, and low back. She admitted that she had prior neck, shoulder, and back conditions, which included multiple shoulder surgeries as well as recurring neck and back pain. However, she stated that she suffered a new injury on October 12, 2012. On September 27, 2013, the Office of Judges reversed the claims administrator's decision and held the claim compensable for a cervical sprain, a thoracic sprain, a lumbar sprain, and a right shoulder sprain. The Office of Judges also excluded carpal tunnel syndrome, elbow sprain, and hip sprain as compensable conditions of the claim. The Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's decision on March 26, 2014, leading Ms. Dawson to appeal.

The Office of Judges concluded that Ms. Dawson suffered a compensable injury on October 12, 2012. The Office of Judges based this determination on Ms. Dawson's testimony. It determined that her account of the injury created a reasonable inference that an injury had occurred and that inference was sufficient to sustain her application for workers' compensation benefits under *Hoult v. Workers' Compensation Commissioner*, 181 W. Va. 551, 383 S.E.2d 516 (1989), because the Hancock County Board of Education did not submit any medical evidence to refute her testimony. The Office of Judges considered a significant number of medical reports submitted by the Hancock County Board of Education which showed that Ms. Dawson had several prior workers' compensation claims for her neck, back, and shoulders dating back to 1986. The Office of Judges, nevertheless, found that the relevant evidence in the record showed that Ms. Dawson had sustained a new injury on October 12, 2012. The Office of Judges excluded carpal tunnel syndrome, elbow strain, and hip strain from the compensable conditions of the claim because the medical evidence did not show that she had suffered an injury to these areas.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision because it found that the Office of Judges was clearly wrong based on the evidence in the record. The Board of Review concluded that Ms. Dawson had not sustained a compensable injury on October 12, 2012. It pointed out that Ms. Dawson had thirteen prior workers' compensation claims related to the same areas of the body that she had allegedly injured in this claim. The Board of Review also found that Dr. Mavissakalian's treatment notes did not provide a causal link between her conditions and her work.

The decision of the Board of Review was based on a material misstatement or mischaracterization of the evidentiary record. Ms. Dawson has presented sufficient evidence to demonstrate that she sustained a cervical sprain, thoracic sprain, lumbar sprain, and right shoulder sprain in the course of and resulting from her employment. Dr. Mavissakalian's treatment notes demonstrate that Ms. Dawson had increased neck, back, and right shoulder pain

immediately following the date of injury. Ms. Dawson's deposition testimony, furthermore, provides a sufficient causal link between these symptoms and her employment. Considering that Hancock County Board of Education did not present any evidence to refute Ms. Dawson's account of the injury, the Office of Judges was within its discretion in relying on her testimony.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the Office of Judges' September 27, 2013, Order which held the claim compensable.

Reversed and Remanded.

**ISSUED:  February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum